IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jay Williams; Amy Williams; Jordan Williams; Daniel Dennis; Erin Dennis; Hailie Williams; Charles Williams; David Dennis; Dexter; Carole Williams; Tim Williams; Sherrie Williams; Scott McClary; Jennifer McClary; Kym Mcree; Faith Community Baptist Church; Inmates of Henderson Co. Jail; Inmates of Smith Co. Jail,<br><br>      Plaintiff,<br><br>v.<br><br>Department of Justice,<br><br>      Defendant. | C/A No. 0:24-4218-JD-PJG<br><br>**REPORT AND RECOMMENDATION** |

  Plaintiff Jay Williams,[1] a self-represented pretrial detainee, brings this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

  By order dated August 29, 2024, Plaintiff was provided an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (ECF No. 4.) In its order, the court also attempted to warn Plaintiff that his failure to

---

[1] Despite the Complaint listing many plaintiffs, Plaintiff Jay Williams filed the Complaint and is the only one to have included his name on any parts of it. Thus, the court refers to Jay Williams as "Plaintiff," and does not consider any other listed plaintiffs to be actual parties to this case. Plaintiff Jay Williams, a *pro se* litigant, cannot represent the other parties. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); see also Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a *pro se* prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

keep the court apprised of his current address would result in dismissal of his case. However, Plaintiff did not receive the order, as it was returned to the court as undeliverable mail and indicates the mail was refused because Plaintiff has been released. (ECF No. 8-1.) Plaintiff has not provided the court with a new address at which he receives mail, and the record indicates no attempt by Plaintiff to contact the court since filing the Complaint.

Consequently, this matter should be summarily dismissed for Plaintiff's failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. "Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of 'the possibility of dismissal.' " Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Link, 370 U.S. at 632-33).

Here, dismissal of Plaintiff's action is the only appropriate sanction for Plaintiff's failure to prosecute the case because the court has no way to communicate with Plaintiff. The court should dismiss the action without prejudice because the court has not authorized the issuance and service of process. Therefore, no parties would be prejudiced if Plaintiff refiles the action. Accordingly, the court recommends this action be summarily dismissed without prejudice.

September 30, 2024  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).