IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jay Williams; Amy Williams; Jordan Williams; Daniel Dennis; Erin Dennis; Hailie Williams; Charles Williams; David Dennis; Dexter; Carole Williams; Tim Williams; Sherrie Williams; Scott McClary; Jennifer McClary; Kym Mcree; Faith Community Baptist Church; Inmates of Henderson Co. Jail; Inmates of Smith Co. Jail,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Department of Justice,<br><br>　　　　　Defendant. | Case No.: 0:24-4218-JD-PJG<br><br>**SUMMARY DISMISSAL ORDER** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett (DE 9), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Jay Williams's[1] ("Plaintiff") pleadings.[2]

---

[1] Despite the Complaint listing many plaintiffs, Plaintiff Jay Williams filed the Complaint and is the only one to have included his name on any parts of it. Thus, the Court refers to Jay Williams as "Plaintiff," and does not consider any other listed plaintiffs to be actual parties to this case. Plaintiff, a *pro se* litigant, cannot represent the other parties. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a *pro se* prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of

### A. Background

Plaintiff, proceeding *pro se*, filed this action against Defendant Department of Justice ("DOJ") under 42 U.S.C. § 1983, alleging "DOJ committed TREASON against TX & U.S.A., Taken Hostages, Lands, Properties, Personal possessions <! MURDERED DEXTER[.]" (DE 1 at 6.) On August 29, 2024, the Court advised Plaintiff his complaint was not in proper form for review. (DE 4.) Plaintiff was provided an opportunity to submit the documents necessary to bring the case into proper form for evaluation and possible service of process. (*Id.*) The order warned Plaintiff that his failure to keep the Court apprised of his current address would result in dismissal of his case. However, Plaintiff did not receive the order, as it was returned to the Court as undeliverable and indicates the mail was refused because Plaintiff has been released. (DE 8-1.) Plaintiff has not provided the Court with a new address at which he receives mail, and the record indicates no attempt by Plaintiff to contact the Court since filing the Complaint.

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915. On September 30, 2024, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends Plaintiff's case be summarily dismissed for failure to prosecute, pursuant to Fed. R. Civ. Proc. R. 41. (DE 9 at 2.) Plaintiff did not object to the Report.

---

those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### C. Discussion

It is well established that a district court has the authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this Court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. As Plaintiff has failed to prosecute this case and has failed to comply with an order of this Court, the Court adopts the Report (DE 9) and incorporates it here by reference, and the case is dismissed without prejudice under Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

November 7, 2024  
Florence, South Carolina

Joseph Dawson, III  
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.